# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH COATES | * |
| Petitioner | * |
| v | * Civil Action No. RDB-10-3087 |
| STATE OF MARYLAND | * |
| Respondent | * |

***

## MEMORANDUM OPINION

Pending is Respondent's Answer to the Petition for Writ of Habeas Corpus asserting it should be dismissed as untimely. ECF No. 6. Petitioner has filed an additional pleading addressing the timeliness issue. ECF No. 5. After review of these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2010); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

### Background

On April 25, 1991, after a jury trial in the Circuit Court for Baltimore City, Petitioner was found guilty of first-degree murder and related offenses. He was sentenced to serve life plus three years consecutive on May 28, 1991. Petitioner appealed the conviction to the Court of Special Appeals of Maryland which affirmed the conviction by opinion dated August 4, 1992, with the mandate issuing on September 9, 1992. *See* ECF No. 6 at Ex. 2. The Maryland Court of Appeals denied Petitioner's request for certiorari review on December 9, 1992. *See* ECF No. 6 at Ex. 3. Petitioner did not seek further review; therefore, his conviction became final on March 9, 1993, the deadline for seeking certiorari in the United States Supreme Court.

On January 25, 2007, Petitioner sought post conviction relief in the Circuit Court for Baltimore City. Relief was denied on October 17, 2007. Petitioner's application for leave to appeal was denied by the Court of Special Appeals on July 21, 2008, with the court's mandate issuing on August 20, 2008. *See* ECF No. 6 at Ex. 4. Petitioner's subsequent requests to reopen post-conviction proceedings have been denied.

Petitioner asserts he is dyslexic and functionally illiterate, rendering him unable to pursue litigation on his own without the assistance of "reliable tutorial help." ECF No. 1 at p. 1. He states his abilities are further limited by his disciplinary segregation status. He claims he does not have a GED and takes special education remediation classes when he is in general population. In addition he states he has always relied on the "skill, knowledge and professionalism of his attorneys in guiding him through the nuances of the law." *Id.* Petitioner alleges he has been required to rely solely on the legal advice dispensed to him verbally by his attorneys, and despite their knowledge of his learning disability, none of his attorneys informed him of the additional legal recourses available to him.

Petitioner states he should not be held responsible for his learning disability or his attorneys' failure to provide him with information regarding federal habeas relief. In addition he states he should not be held responsible for the fact that Maryland has no deadline for filing petitions for post-conviction relief. In short, Petitioner seeks an equitable tolling of the one-year filing deadline applicable to federal habeas corpus petitions.

## Standard of Review

On April 24, 1996 President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for persons convicted in a state court. Persons

such as Petitioner, whose convictions were finalized before April 24, 1996, had one year from the effective date, i.e., until April 23, 1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one year period is, however, tolled while properly filed post conviction proceedings are pending. 28 U.S.C. §2244(d)(2); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000). The statute further specifies that the one year limitation begins to run

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).

3

## Analysis

Petitioner alleges that evidence involving scientific tests to determine if he had fired the murder weapon was excluded from trial and withheld from defense counsel.[1] Petitioner states he has always maintained his innocence and suggests the missing evidence would exonerate him. ECF No. 1. Additionally he states he was limited in his ability to present the claim given his learning disability.

Petitioner's conviction became final on March 9, 1993, giving him more than four years to meet the filing deadline for a federal habeas corpus petition or to file a state post-conviction petition which would have tolled the federal filing deadline. Petitioner took no action and now provides no evidence he attempted to pursue further review of his conviction and was somehow thwarted in his efforts. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2555 (2010) (petitioner's numerous letters of inquiry to attorney coupled with attorney's failure to keep Petitioner informed sufficient for equitable tolling). Notwithstanding his learning disabilities, Petitioner has now managed to secure assistance in filing a petition with this Court, nothing indicates that he was incapable of obtaining the same assistance at an earlier date. The instant petition was filed on November 1, 2010, almost thirteen years after the filing deadline passed. The amount of time that has elapsed, coupled with the lack of evidence that Petitioner exercised any diligence in an effort to comply with the filing deadline, indicates that Petitioner is not entitled to an equitable tolling of the filing deadline. Accordingly, the Petition shall be denied as untimely by separate Order which follows.

Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that

---

[1] The claim was not raised on direct appeal. Thus, even if it was not time barred, it would be procedurally defaulted in light of that failure to raise it.

4

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The lengthy delay in the instant case, together with the lack of Petitioner's diligence, makes it unlikely jurists of reason would find this Court's conclusion debatable. Thus, a certificate of appealability shall be denied.

January 12, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE